IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Glenwood Caverns Holdings LLC[1], | Case No. 26-10166 (LSS) |
| Debtor. | Hearing Date: March 11, 2026 at 2:00 p.m.<br>Obj. Deadline: March 4, 2026 at 4:00 p.m. |

**DEBTOR'S MOTION TO MODIFY THE AUTOMATIC STAY PURSUANT TO
11 U.S.C. § 362(d)(1)**

The above captioned debtor and debtor in possession (the "Debtor"), moves the Court (the "Motion") for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) (the "Bankruptcy Code"), Fed. R. Bankr. P. 4001 (the "Bankruptcy Rules"), and 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the Unites States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking an order allowing the Debtor to proceed with certain litigation styled *Estifanos Dagne and Rahel Estifanos v. Glenwood Caverns Holdings LLC d/b/a Glenwood Caverns Adventure Park et al.* (Case No. 2022CV4) (the "State Court Litigation") in the Garfield County District Court in Colorado (the "State Court") for the limited purposes set forth herein. In support of this Motion, the Debtor states as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Glenwood Caverns Holdings LLC (6861). The location of the Debtor's headquarters is 51000 Two Rivers Plaza Road, Glenwood Springs, CO 81601.

- 1 -

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The Statutory predicates for the relief requested in this Motion are 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001, and Local Rule 4001-1.

**BACKGROUND**

4. The Debtor owns and operates Glenwood Caverns Adventure Park (the "Park"), an amusement park nestled atop Iron Mountain in Glenwood Springs, Colorado.

5. In September 2021, a tragic incident occurred whereby a six-year-old child lost her life in a ride accident at the Park. As a result of the accident, a Colorado jury recently returned a verdict against the Debtor, awarding non-economic damages in the amount of $40,959,000 and punitive damages in the amount of $123,000,000, which the State Court subsequently reduced to $40,959,000.

6. On November 21, 2025, the State Court issued a judgment against the Debtor and its co-defendants, apportioning more than $116 million of liability to the Debtor in compensatory damages, punitive damages, and prejudgment interest (the "State Court Judgement").

7. On February 9, 2026 (the "Petition Date"), the Debtor filed its voluntary petition

for relief under chapter 11 of the Bankruptcy Code.

8.     Prior to the Petition Date, the Debtor was taking the necessary steps to appeal the State Court Judgment. In light of the bankruptcy filing, the Debtor now requests that the Court modify the automatic stay to permit the Debtor to continue its appeal efforts.

## RELIEF REQUESTED

9.     Section 362(a) of the Bankruptcy Code operates to stay, among other things, the "continuation … of a judicial … proceeding against the debtor that was … commenced before the commencement of the case." 11 U.S.C. § 362(a)(1).

10.     But, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay … for cause…." *Id.* § 362(d)(1). The decision to lift the automatic stay is committed to the sound discretion of the court. *See Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) ("Because it is the bankruptcy judge who is the most knowledgeable about the debtor's affairs, and about the effect than any judicial proceeding would have on the debtor's reorganization, it is essential that [the bankruptcy judge] make the determination as to whether an action against the debtor may proceed or whether the stay against such actions should remain in effect.").

11.     The State Court Litigation was stayed on the Petition Date pursuant to section 362(a) of the Bankruptcy Code. The State Court Judgment was entered prior to the Petition Date, and the Debtor desires to pursue appellate remedies. Filing a notice of appeal and prosecuting the appeal are necessary steps to reach an orderly and just resolution of the issues in the State Court Litigation, which in turn will be important in this Chapter 11 case due to the size of the matter. These steps require modification of the stay. *Assoc. of St. Croix Condominium Owners v. St. Croix*

*Hotel Corp.*, 682 F.2d at 448 (court maintained the automatic stay with respect to an appeal because the bankruptcy court had not entered an order granting relief from the stay to pursue the appeal). Accordingly, the Debtor requests that the Court grant relief from the automatic stay pursuant to section 362(d)(1) for the limited purposed of filing the notice of appeal and permitting the Debtor to prosecute the appeal in all respects, and for the Estifanos to defend or otherwise respond to the appeal in all respects.

12.     Not only is modification of the stay necessary to reach a resolution of one of the most important issues facing this chapter 11 Debtor, modification is consistent with the automatic stay's purpose: "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *Id.*

13.     An appeal will not alter the Estifanos' preference position as they would remain unsecured judgment creditors. Further, there is no risk of depletion of the estate's value because The Hanover Insurance Group ("Hanover"), the Debtor's commercial general liability insurance provider at the time of the accident, is financially responsible for prosecuting the appeal. Lastly, the Debtor does not anticipate that appealing the State Court Judgment and the subsequent prosecution and defense thereof will interfere with the Chapter 11 Case. Accordingly, prosecution of an appeal will not prejudice the interests of other creditors or other interested parties.

14.     This Court generally applies a three-prong balancing test when a party seeks relief from stay to continue prepetition litigation. *In re Scarborough-St. James Corporation*, 535 B.R. 60, 67 (Bankr. D. Del. 2015). The three prongs include: (1) whether the debtor or the bankruptcy estate will be greatly prejudiced by continuing the litigation, (2) whether hardship to the non-debtor

by maintaining the stay outweighs the hardship to the debtor by modifying the stay, and (3) the probability of the creditor prevailing on the merits. *Id.* at 67 (citing *Izzarelli v. Rexene Products Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992)).

15. These factors all weigh in favor of modifying the stay. First, the Debtor and its estate will not be prejudiced by modifying the stay to allow the appeal to move forward. It is the Debtor's belief that the appeal could result in a benefit to the Debtor, and any outcome is not likely to alter the property of the estate. Second, the Debtor is more likely to experience hardship by maintaining the stay rather than modifying the stay to the extent requested herein. This is because the appeal has the potential of reducing the judgment against the Debtor, which is not possible without stay relief. Lastly, the Debtor is seeking the appeal because it believes it has a probability of success on the merits. Therefore, the three prongs followed by this Court each weigh in favor of granting the requested relief.

16. Other than for the limited purposes described above, and any separate motion(s) by the Debtor related to the automatic stay, the automatic stay imposed by 11 U.S.C. § 362(a) would remain in full force and effect with respect to any and all attempts to collect on the State Court Judgment or any other action covered by 11 U.S.C. § 362(a).

17. Pursuant to Bankruptcy Rule 4001(a)(4), "an order granting a motion for relief from the automatic stay under [Bankruptcy Rule 4001(a)](1) is stayed for 14 days after it is entered." Fed. R. Bankr. P. 4001(a)(4). The Debtor respectfully submits that cause exists to waive the 14-day stay considering the State Court has already entered the State Court Judgment. Absent bankruptcy, the deadline to file an appeal would be March 27, 2026. To avoid risk of procedural or jurisdictional confusion, the Debtor believes it appropriate to commence appellate proceedings as soon as possible.

**NOTICE**

18.  Notice of this Motion will be given to the following parties or their respective counsel: (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel to the Community Banks of Colorado, (iii) the holders of the 20 largest unsecured claims against the Debtor, and (iv) those parties that have requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 4001-1.  The Debtor submits that under the circumstances, no other or further notice is required.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form of the proposed order submitted herewith as **Exhibit A**, modifying the automatic stay imposed by 11 U.S.C. § 362(a) solely to permit the Debtor to file a notice of appeal and for the parties to the State Court Litigation to prosecute and defend or otherwise respond to an appeal of the State Court Judgment in all respects, lifting the 14-day stay of execution imposed by Fed. R. Bankr. P. 4001(a)(4), and for such other and further relief as this Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

Date:  February 23, 2026
       Wilmington, Delaware

**SULLIVAN NIMEROFF BROWN HILL LLC**

_____
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-8195
Email:  bsullivan@snbhlaw.com
        whazeltine@snbhlaw.com

-and-

**BROWNSTEIN HYATT FARBER SCHRECK LLP**
Michael J. Pankow, *pro hac vice pending*
Amalia Y. Sax-Bolder, *pro hac vice pending*
Micah G. Hardy, *pro hac vice pending*
675 15th Street, Suite 2900
Denver, Colorado 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
Email:  mpankow@bhfs.com
        asax-bolder@bhfs.com
        mhardy@bhfs.com

*Proposed Counsel for the Debtor and Debtor in Possession*