**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Glenwood Caverns Holdings LLC[1], | Case No. 26-10166 (LSS) |
| Debtor. | Hearing Date: March 11, 2026 at 2:00 p.m. |
| | Obj. Deadline: March 4, 2026 at 4:00 p.m. |

**DEBTOR'S MOTION TO MODIFY THE AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. § 362(d)(1) (EMPLOYEE JUDGMENTS)**

The above captioned debtor and debtor in possession (the "Debtor"), moves the Court (the "Motion") for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) (the "Bankruptcy Code"), Fed. R. Bankr. P. 4001 (the "Bankruptcy Rules"), and 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the Unites States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking an order allowing NOVA Casualty Company to satisfy the state court judgment related to certain litigation styled *Estifanos Dagne and Rahel Estifanos v. Glenwood Caverns Holdings LLC d/b/a Glenwood Caverns Adventure Park et al.* (Case No. 2022CV4) (the "State Court Litigation") in the Garfield County District Court in Colorado (the "State Court"), solely as it pertains to the portions of the Judgment entered against the Debtor's employees at the time of the accident, Steve Ochoa ("Mr. Ochoa") and Toby Williams ("Mr. Williams" and collectively with Mr. Ochoa, the "Employees"). This Motion does not request relief pertaining to the portion of the Judgment against the Debtor. In support of this Motion, the Debtor

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Glenwood Caverns Holdings LLC (6861). The location of the Debtor's headquarters is 51000 Two Rivers Plaza Road, Glenwood Springs, CO 81601.

- 1 -

states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The Statutory predicates for the relief requested in this Motion are 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001, and Local Rule 4001-1.

## BACKGROUND

4.      The Debtor owns and operates Glenwood Caverns Adventure Park (the "Park"), an amusement park nestled atop Iron Mountain in Glenwood Springs, Colorado.

5.      In September 2021, a tragic incident occurred whereby a six-year-old child lost her life in a ride accident at the Park. As a result of the accident, a Colorado jury recently returned a verdict against the Employees, awarding Estifanos Dagne and Rahel Estifanos (collectively the "Estifanos") non-economic damages in the amount of $8,200 against Mr. Ochoa and $73,800 against Mr. Williams, and punitive damages in the amount of $6,200 against Mr. Ochoa. The Employees were working within the scope of their employment at the time of the accident, and therefore, are covered under the Debtor's commercial general liability insurance policy.

6.      On November 21, 2025, the State Court issued a judgment against the Debtor and

its co-defendants, including the Employees, exceeding $100,000,000 (the "Judgment"). The Judgment apportions approximately $122,418.16 of liability to the Employees in compensatory damages, punitive damages, and prejudgment interest (the "Employee Judgment"). Post-Judgment interest continues to accrue at a rate of $25.79 per day with respect to Mr. Williams and $2.87 per day with respect to Mr. Ochoa for the first year following the verdict. The Employee Judgment is of a comparatively nominal amount and introduces unnecessary risk and complications to the Debtor's estate.

7. The Debtor's commercial general liability insurance policy in effect at the time of the accident is Policy No. WFR-GL-10000036-03, issued by NOVA Casualty Company ("NOVA") in the Hanover Insurance Group, for the period of October 1, 2020 through October 1, 2021 (the "Policy").[2] The Debtor is the named insured of the Policy. The Policy has a limit of $1,000,000 for this claim.

8. The Employee Judgment is within the applicable Policy limit. NOVA has agreed to satisfy the Employee Judgment solely as it pertains to the Employees, and solely from Policy proceeds. By paying the Employee Judgment in full now, NOVA and the Debtor will be able to focus their Judgment-related efforts on an appeal of the significant majority of the Judgment at issue in this chapter 11 case, the portion which was specifically entered against the Debtor and far exceeds Policy limits.

9. Upon information and belief, neither of the Employees have filed for bankruptcy. Satisfying the Employee Judgment, which is against the Employees in their individual capacities, will stop accrual of interest on the Employee Judgment, and will remove the stigma of the judgment on their credit. Absent modification of the stay, the Employee Judgment will remain in

---

[2] There is also an excess policy issued by NOVA for the same time period, however, the excess policy is not implicated by this Motion given the Employee Judgment is well within the Policy's limits.

place during the pendency of the Debtor's chapter 11 case and appeal of the remaining portion of the Judgment.

11. 10. To effectuate its desired appeal effort, the Debtor expressly excludes the Judgment against it from the relief sought in this Motion. Details regarding the Debtor's position on the appeal effort are provided in its *Motion to Modify the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)* (the "Motion to Pursue Appeal") (Docket No. 51), which is incorporated herein by reference.

**RELIEF REQUESTED**

11. The Debtor requests that this Court grant a modification of the automatic stay imposed by section 362(a)(3) of the Bankruptcy Code solely for the purpose of permitting NOVA to pay the Employee Judgment from Policy proceeds. For avoidance of doubt, the Debtor does not request any relief pertaining to the portion of the Judgment against the Debtor in its own capacity by filing this Motion, as that portion of the Judgment is addressed in the Motion to Pursue Appeal.

12. As an initial matter, the Policy and its proceeds are included within section 541(a)(1)'s definition of property of the estate. *See In re Allied Digital Technologies, Corp.*, 306 B.R. 505, 509 (Bankr. D. Del. 2004) ("an overwhelming majority of courts have concluded that liability insurance policies fall within § 541(a)(1)'s definition of estate property.") (internal quotations and citations omitted); *In re Minoco Group of Companies, Ltd.*, 799 F.2d 517, 519 (9th Cir. 1986). "In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of section 541." *In re Conex Holdings, LLC*, 518 B.R. 792, 802 (Bankr. D. Del. 2014) (internal quotations and citations omitted).

13. As such, the Policy is subject to the automatic stay. 11 U.S.C. § 362(a)(3). Absent

- 4 -

modification of the automatic stay, NOVA is prohibited from paying the Employee Judgment because the stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *In re Allied Digital Technologies, Corp.*, 306 B.R. at 509 (quoting 11 U.S.C. § 362(a)(3)).

14. "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay … for cause…." *Id.* § 362(d)(1). The decision to lift the automatic stay is committed to the sound discretion of the court. *See, e.g., Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982).

15. NOVA and the Debtor believe it in the best interest of the estate to pay the Employee Judgment (solely from Policy proceeds), and they seek modification of the stay to permit this payment.[3] Satisfying the Judgment against the Employees is advantageous because, among other reasons, the total Employee Judgment is of a nominal amount and satisfaction thereof would provide immediate relief to the Employees, and NOVA and the Debtor will be able to focus on an appeal of the significant Judgment against the Debtor without needing to focus on employee-specific issues therein. Accordingly, the Debtor requests that the Court modify the automatic stay pursuant to section 362(d)(1) for the limited purpose of satisfying the Employee Judgment, solely from Policy proceeds, with this Motion having no effect on the Judgment specifically against the Debtor.

16. Other than for the limited purposes described above, and any separate motion(s) by the Debtor related to the automatic stay, the automatic stay imposed by 11 U.S.C. § 362(a) would remain in full force and effect with respect to any and all attempts to collect on the Judgment or

---

[3] NOVA has proceeded under a reservation of rights. Its agreement to pay the Employee Judgment is not a waiver of any such rights.

any other action covered by 11 U.S.C. § 362(a).

17. Pursuant to Bankruptcy Rule 4001(a)(4), "an order granting a motion for relief from the automatic stay under [Bankruptcy Rule 4001(a)](1) is stayed for 14 days after it is entered." Fed. R. Bankr. P. 4001(a)(4). The Debtor respectfully submits that cause exists to waive the 14-day stay, as detailed above.

## NOTICE

18. Notice of this Motion will be given to the following parties or their respective counsel: (i) the Office of the United States Trustee for the District of Delaware, (ii) counsel to the Community Banks of Colorado, (iii) the holders of the 20 largest unsecured claims against the Debtor, and (iv) those parties that have requested notice pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 4001-1. The Debtor submits that under the circumstances, no other or further notice is required.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form of the proposed order submitted herewith as **Exhibit A**, modifying the automatic stay imposed by 11 U.S.C. § 362(a) solely to permit NOVA to satisfy the Employee Judgment only from Policy proceeds, lifting the 14-day stay of execution imposed by Fed. R. Bankr. P. 4001(a)(4), and for such other and further relief as this Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Date: February 25, 2026<br>Wilmington, Delaware | **SULLIVAN NIMEROFF BROWN HILL LLC**<br><br>*/s/ William A. Hazeltine*<br>William D. Sullivan (No. 2820)<br>William A. Hazeltine (No. 3294)<br>919 North Market Street, Suite 420<br>Wilmington, DE 19801<br>Telephone: (302) 428-8191<br>Facsimile: (302) 428-8195<br>Email:  bsullivan@snbhlaw.com<br>            whazeltine@snbhlaw.com<br><br>-and-<br><br>**BROWNSTEIN HYATT FARBER SCHRECK LLP**<br>Michael J. Pankow, *pro hac vice pending*<br>Amalia Y. Sax-Bolder, *pro hac vice pending*<br>Micah G. Hardy, *pro hac vice pending*<br>675 15th Street, Suite 2900<br>Denver, Colorado 80202<br>Telephone: (303) 223-1100<br>Facsimile: (303) 223-1111<br>Email:  mpankow@bhfs.com<br>            asax-bolder@bhfs.com<br>            mhardy@bhfs.com<br><br>*Proposed Counsel for the Debtor and Debtor in Possession* |